Commonwealth of Pennsylvania, Department of Environmental Resources *v.* Charles A. B. Allias, Jr., and Marian J. Allias.
Commonwealth of Pennsylvania, Appellant.

Argued May 8, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Richard S. Ehmann*, Special Assistant Attorney General, for appellant.

*Charles A. B. Allias, Jr.*, with him *James Irwin*, for appellees.

OPINION BY JUDGE MENCER, July 10, 1975:

Charles A. B. Allias, Jr., and Marian J. Allias (Allias) are the owners of property in Westmoreland County which is located at a low point of a ravine and consequently the point toward which rainwater flows as it leaves lands immediately above the Allias property. As development of the area has occurred, property owners in the upper part of the ravine have piped surface water runoff toward the Allias property.

Allias decided to fill in the ravine with a damlike structure which prevented the continuous flow of water

down the wet weather stream to Little Puketa Creek. This obstruction has allegedly caused properties above the Allias property to be flooded and to have large quantities of silt deposited thereon.

Apparently, complaints were made to the Department of Environmental Resources (DER) which advised Allias to apply for a permit for the water obstruction, pursuant to the provisions of the Water Obstructions Act, Act of June 25, 1913, P. L. 555, *as aménded,* 32 P.S. §681 et seq. Allias refused to make such an application, and DER filed a complaint in equity seeking to compel Allias to remove the obstruction.

Allias failed to file an answer to the complaint served on July 24, 1973, and on September 13, 1973, DER filed a praecipe for entry of a default judgment which was entered that same day. DER, in accord with Rule 1511(b) of the Pennsylvania Rules of Civil Procedure,[1] requested the Court of Common Pleas of Westmoreland County to enter an appropriate final decree. The lower court set a hearing for October 26,. 1973, ostensibly to take testimony to assist it in framing a final decree. However, at the hearing the lower court entered testimony as to the merits of DER's complaint. On December 28, 1973, the lower court filed a decree nisi opening the default judgment *sua sponte* and dismissing DER's complaint in equity for failure to plead and prove a cause of action under the Water Obstructions Act. DER filed exceptions to this decree nisi, and on December 11, 1974, the Court of Common Pleas of Westmoreland County, sitting en banc, dismissed the exceptions. This appeal followed and we reverse and remand.

---

1. "Rule 1511. Judgment upon Default or Admission

. . . .

"(b) In all cases, the court shall enter an appropriate final decree upon the judgment of default or admission and may take testimony to assist in its adjudication and in framing the decree."

It is well settled that a petition to open judgment is an appeal to the court's discretion and that this discretion may properly be exercised to grant such a petition if (1) the petition is promptly filed, (2) a defense is shown to exist on the merits, and (3) the default is reasonably explained or excused. *Triolo v. Philadelphia Coca Cola Bottling Co.,* 440 Pa. 164, 270 A. 2d 620 (1970). Here Allias did not present a petition but the lower court *sua sponte* opened judgment. Perhaps the lower court was satisfied that Allias possessed a defense on the merits which justified the opening of the judgment. However, central to the problem is the requirement that a default judgment shall not be opened unless the default is reasonably explained or excused. The record here is totally lacking of any explanation or excuse, reasonable or unreasonable, for the default. This case in its present posture is ruled by *Carney v. Sado,* 450 Pa. 118, 299 A. 2d 231 (1973). In *Carney,* a dispute arose between next-door neighbors with respect to an alleged encroachment and channeling of storm water. The dispute, as here, culminated in a complaint in equity seeking injunctive and other relief. The alleged offending party failed to file an answer and a default judgment was entered. Thereafter a final decree was entered and a petition was filed to open the final decree and to allow the alleged offending party to enter into a defense. Our Supreme Court decided in *Carney,* on a record comparable in its lack of explanation of the default to the record here, what is equally applicable in this case, that "[w]e need not, nor do we decide whether a defense on the merits was shown or whether appellants [appellees here] acted with sufficient promptness to satisfy the other two requirements of the rule, since we conclude that there has been no reasonable explanation of the default." 450 Pa. at 122, 299 A. 2d at 233.

However, it should be kept in mind that a default judgment does not admit the sufficiency of the pleading

in law to sustain a judgment, nor does it admit that the facts stated constitute a cause of action. *Frankel v. Donehoo,* 306 Pa. 52, 158 A. 570 (1931). Even though a judgment has been entered, as here, if the face of the record shows the same to be baseless, the court should strike it off. *Constable v. Andrews,* 297 Pa. 285, 146 A. 899 (1929). If unauthorized and void, this may be done at any time, since the doctrine of laches is not to be applied under such circumstances. *Romberger v. Romberger,* 290 Pa. 454, 139 A. 159 (1927). In the instant case, the lower court was of the opinion that the provisions of the Water Obstructions Act were not applicable to the Allias property and that consequently DER had failed to plead a cause of action. Accordingly, the lower court should have struck the judgment rather than to have opened the judgment. *See Wilkinsburg Borough v. School District,* 298 Pa. 193, 148 A. 77 (1929).

Decree reversed and case remanded to the Court of Common Pleas of Westmoreland County to, after further hearing, either frame a final decree in accordance with Rule 1511(b) of the Pennsylvania Rules of Civil Procedure or strike from the record the judgment entered on September 13, 1973 against Charles A. B. Allias, Jr., and Marian J. Allias.