## Ricci v. Goodyear

*Allen L. Rothenberg*, for plaintiff.
*Andres J. Forbes, Robert J. Murphy* and *John P. Penders*, for defendants.

GUARINO, *J.*, December 15, 1978—This case is on appeal from arbitration. A petition to open or strike a judgment entered by the prothonotary at the instance of a successful and non-appealing defendant is before us for decision.

On March 17, 1973, plaintiff was a passenger in an automobile involved in a multiple car traffic accident. Seven separate suits resulted from that accident, six of them being filed in Delaware County while this action was filed in Philadelphia

County. The five defendants named in this action are also named as defendants in each of the Delaware County cases. On December 22, 1976, the arbitrator found in favor of plaintiff against two of the five defendants, James Goodyear and Harry Hultberg, Jr., in the sum of $4,500 and in favor of the other three defendants, Thomas Goodyear, Harry Pearsall and The Oblates of St. Francis De-Sales, against plaintiff. Thereafter, the two unsuccessful defendants along with Thomas Goodyear and The Oblates of St. Francis DeSales filed an appeal to this court. On November 4, 1977, on praecipe of Harry Pearsall, one of the successful defendants, the prothonotary entered a judgment on the award in his favor and against plaintiff and all other parties.[1]

On September 11, 1978, the other four defendants filed the present petition to open or strike the judgment.

Because we conclude that the judgment was erroneously entered and that the motion to strike lies, we do not consider the motion to open the judgment.[2]

---

1. Under the doctrine of collateral estoppel, this judgment, if allowed to stand, would be conclusive between the same parties in a subsequent action and would bar litigation of the facts to establish defendant's possible liability in the six Delaware County actions in each of which he is named as one of the defendants. See Martin v. Poole, 232 Pa. Superior Ct. 263, 336 A. 2d 363 (1975); McCarthy v. Township of McCandless, 7 Pa. Commonwealth Ct. 611, 300 A. 2d 815 (1973).

2. The equitable standards for opening a judgment are different than those applicable to motion to strike judgment. See Gonzales v. Procaccio Brothers Trucking Co., 2 Phila. Interloc. Civil Opin. 363, 368 (C.P. Phila. 1978); General Electric Credit Corp. v. Slawek, 2 Phila. Interloc. Civil Opin. 93, 95 (C.P. Phila. 1977).

An appeal from compulsory arbitration award by any aggrieved party puts the case before the common pleas court and requires a trial de novo as to all parties to the action: Washik v. Chase, 231 Pa. Superior Ct. 378, 332 A. 2d 481 (1974). The Act of June 16, 1836, P.L. 715, sec. 27, as amended, 5 P.S. §71 [see now, Judicial Code of July 9, 1976, P.L. 586, 42 C.P.S.A. §7361] and Rule VI(B) of the Philadelphia Rules for Compulsory Arbitration [see now, Philadelphia Court Rule 180] provide that the appeals from arbitration be de novo. If the trial is to be truly de novo, then all the parties required to resolve the issues raised by the pleadings are to remain the same in the retrial as they were in the first trial: Ottaviano v. SEPTA, 239 Pa. Superior Ct. 363, 361 A. 2d 810 (1976). Any other rule would be stultifying and defeat the purpose of the appeal and trial de novo. It would mean that the successful party at arbitration would retain the benefit of the arbitration award despite the appeal and the right of the appellant to be heard anew. In this case, it would mean that the plaintiff in whose favor the award was rendered could himself obtain judgment on the award by merely filing a praecipe with the prothonotary. Neither the Supreme Court that devised the arbitration rules nor the legislature that enacted the Compulsory Arbitration Act and provided for an appeal de novo intended such an absurd and unreasonable construction. See Pa.R.C.P. 128; Act of November 25, 1972, P.L. 707, as amended, 1 Pa.C.S.A. §1922(1). If the pending trial is to be de novo, each of defendants in the present suit should have the same rights in the retrial as they had before the arbitrator, that is, the right to show that the non-appealing defendant shares the culpability or that he is solely liable for the wrong: Mitchell v. Pittsburgh, 233 Pa. Superior Ct. 119,

335 A. 2d 403 (1975); Washik v. Chase, supra; Portock v. Phila. Trans. Co., 203 Pa. Superior Ct. 385, 198 A. 2d 617 (1964); Hammerman v. Lee, 207 Pa. Superior Ct. 370, 217 A. 2d 853 (1966). Thus, we hold that where less than all of the parties to an arbitration appeal, all those parties who were participants in the arbitration proceeding and who are necessary to resolve the issues raised by the pleadings are included in the trial de novo. See Ottaviano v. SEPTA, supra.

The case of Washik v. Chase, supra, is on all fours and controls the decision in this case. In Washik, the arbitrators found in favor of plaintiff against the owner and driver of the truck and in favor of the manufacturer of the truck and the manufacturer of the brakes. The owner and the driver defendants appealed. The other two defendants sought judgment on the awards. Judge Hirsh refused to allow the entry of judgment. The Superior Court affirmed, holding that the trial had to be de novo so as not to deprive the owner and operator of the truck their right to try to show that the accident occurred not because of their negligence but because of the sole negligence of the manufacturer of the truck or the manufacturer of the brakes.

It is settled law that when a judgment is defective on its face, it is vulnerable to a motion to strike and it is immaterial when the objection is brought to the court's attention: Com. v. Allias, 20 Pa. Commonwealth Ct. 222, 341 A. 2d 226 (1975); General Electric Credit Corp. v. Slawek, 2 Phila. Interlòc. Civil Opin. 93, 95 (C.P. Phila. 1977). The general criteria employed to aid the court in a petition to open a judgment are not applicable when considering a petition to strike. See Triolo v. Philadelphia Coca Cola Bottling Co., 440 Pa. 164, 270 A. 2d 620

(1970), for discussion on criteria on petition to open judgment. Laches will not run against a judgment that was erroneously entered and defective on its face: Haverford Twp. School District v. Herzog, 314 Pa. 161, 164, 171 Atl. 455 (1934); Romberger v. Romberger, 290 Pa. 454, 457, 139 Atl. 159 (1927); Strickler v. United Elevator Co. Inc., _____ Pa. Superior Ct. _____, 391 A. 2d 614, 618 (1978); Gonzales v. Procaccio Brothers Trucking Co., 2 Phila. Interloc. Civil Opin. 363, 368 (C.P. Phila. 1978).

## ORDER

And now, December 15, 1978, upon consideration of the petition, it is hereby ordered and decreed that the judgment entered in the above case in favor of Harry Pearsall and against plaintiff and all other defendants is hereby stricken and trial de novo is ordered as to all parties including defendant Harry Pearsall.