Commonwealth of Pennsylvania, Department of Labor & Industry, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Liberty Mutual Insurance Company, Respondents.

Argued December 8, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Lisa Roth,* Assistant Attorney General, with her *Laurence W. Dague,* Assistant Attorney General, for petitioner.

*Mary J. McCrory,* with her *Scott E. Becker, Kyle and Ehrman,* for respondent.

OPINION BY JUDGE MENCER, March 19, 1981:

The Commonwealth of Pennsylvania (Commonwealth) has appealed from a final order of the Workmen's Compensation Appeal Board (Board) which granted partial reimbursement to the Liberty Mutual Insurance Company (insurer) from the Commonwealth's Supersedeas Fund, as a result of a petition to modify an award of benefits to Kenneth D. Wade (claimant). We reverse.

The Supersedeas Fund was created by the General Assembly in 1975 to provide reimbursement to insurers who make payments to claimants after modification petitions are filed but before a decision can be made. Section 443 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §999. The issue in this appeal is whether the Board erred in reversing the referee's denial of reimbursement for benefits paid to the claimant from May 4, 1978 through July 21, 1978.

The chronology of events which led up to this appeal can be summarized as follows:[1]

---

[1] The record in this case is extremely confusing, but we believe that we have gleaned a fair reconstruction of the key events.

March 13, 1978: Termination/modification petition filed by the insurer requesting a supersedeas.

May 4, 1978: Hearing before the referee on the merits of the supersedeas request and the termination/modification petition.

May 15, 1978: Referee executes order formally granting supersedeas, effective May 4, 1978, and suspending notice of compensation payable.

June 18, 1978: Order of May 15, 1978 issued and mailed to parties.

July 21, 1978: Insurer stops payment of benefits to claimant.

September 1, 1978: Insurer files request for reimbursement from Supersedeas Fund for benefits paid between May 4 and June 18, 1978.

September 26, 1978: Insurer files amended request for reimbursement of benefits paid between March 13 and July 21, 1978.

October 5, 1978: Referee, without knowledge of amended request, conducts hearing and issues final decision[2] denying request for reimbursement of benefits paid between May 4 and June 18, 1978.

November 14, 1978: Referee conducts hearing and issues final decision denying amended request for reimbursement.

December 29, 1978: Insurer appeals decision of November 14, 1978.

---

[2] The hearings of October 5, 1978 and November 14, 1978 resulted in decisions which were executed by the referee on October 6 and November 16, respectively. For purposes of clarity, the dates of the hearings are used throughout this opinion as the dates of the decisions.

June 29, 1979: Board reverses referee's decision and grants insurer reimbursement for the period from May 4, 1978 until July 21, 1978.

The insurer's reimbursement request, as amended, embraced three distinct time periods. The first time period ran from March 13, when the supersedeas request was filed, until May 4, when it was heard. This Court has held that, where a nonautomatic supersedeas request is ultimately granted, the insurer is entitled to reimbursement for the entire period between the date of the filing of the request and the date it is granted. *Department of Labor & Industry v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 265, 383 A.2d 261 (1978). In the present case, the supersedeas request was ultimately granted, although the effective date of that grant is disputed. But, regardless of whether the request was granted on May 4 or June 18, the insurer was clearly entitled to reimbursement for benefit payments between the date of the request and the date of the hearing. Therefore, the referee's denial of reimbursement for that period was improper and the Board erred in failing to reverse that part of the referee's decision.

The second time period ran from May 4 until June 18. The referee found that he had orally granted a supersedeas on the earlier date and therefore held that the insurer was not entitled to reimbursement for the period. The insurer contends that this finding was improper because the supersedeas was not granted until the order of May 15 was formally issued, which would have been no earlier than June 18. We need not, for the reasons set forth hereafter, reach the merits of this controversy.

The referee, unaware of the amended petition of September 26, made the determination on October 5 that the insurer was not entitled to reimbursement for the period between May 4 and June 18. This deter-

mination was made after a hearing of which the insurer had notice. The insurer failed to appeal this determination.[3]

Where a party fails to appeal from a referee's final decision, he will not be permitted to collaterally attack that decision in another proceeding. *Huha v. Frick Coke Co.*, 149 Pa. Superior Ct. 108, 27 A.2d 739 (1942). In the present case, the referee's decision of October 5 was a final determination with regard to the claim for reimbursement for benefits paid between May 4 and June 18, regardless of the fact that the referee was unaware of additional claims for the other time periods. The insurer could have requested reconsideration if it felt that it was prejudiced by the fact that only a portion of its reimbursement request was being acted upon, or it could have appealed the final determination. It did neither. Therefore, the portion of the referee's decision of November 14 which denied reimbursement for the period between May 4 and June 18 was a nullity and the insurer's appeal had the effect of a collateral attack on a previous determination. The Board erred in considering this issue.

The third time period ran from June 18 until the insurer stopped paying benefits on July 21. The insurer contends that it is entitled to reimbursement for all payments made after the supersedeas request was filed until it had actual knowledge of the referee's determination. We disagree.

Section 406 of the Act, 77 P.S. §717, provides as follows, in pertinent part:

All notices and copies to which any parties shall be entitled under the provisions of this article shall be served by mail, or in such manner

---

[3] The record shows that the insurer's attorney had actual knowledge of the order of October 5 on November 14. The time for appeal would have expired long before December 29, when the appeal from the November 14 order was filed.

as the department shall direct. For the purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails.

The provisions of the Act dealing with the Supersedeas Fund are part of the same article.

The decision of the referee which granted the insurer's modification petition would have been effective on June 18, the date it was mailed. If the insurer wished to be reimbursed for benefits paid after that date, it had the burden of showing that it did not receive a copy of the decision until later. The insurer had the opportunity to present its evidence at the hearing on November 14 but elected not to do so. Therefore, the referee did not capriciously disregard competent evidence when he denied the insurer's request for reimbursement for the period between June 18 and July 21, and the Board clearly erred in reversing that portion of the referee's decision.

Therefore, we will enter the following

### Order

And Now, this 19th day of March, 1981, the June 29, 1979 order of the Workmen's Compensation Appeal Board, which granted partial reimbursement to the Liberty Mutual Insurance Company from the Supersedeas Fund, is hereby reversed. The Liberty Mutual Insurance Company shall be reimbursed from the Supersedeas Fund for benefits paid to Kenneth D. Wade between March 13, 1978 and May 4, 1978 but shall not be reimbursed for benefits paid between May 4, 1978 and July 21, 1978.