529 A.2d 528

**Milton A. CALESNICK and Eleanor J. Calesnick, husband and wife, Appellants,**

**v.**

**REDEVELOPMENT AUTHORITY OF CITY OF PHILADELPHIA.**

**Milton A. CALESNICK and Eleanor J. Calesnick, husband and wife**

**v.**

**REDEVELOPMENT AUTHORITY OF the CITY OF PHILADELPHIA, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 1987.

Filed June 29, 1987.

Reargument Denied Aug. 21, 1987.

Milton A. Calesnick, in propria persona.

Carl S. Primavera, Philadelphia, for appellant in No. 2906 and appellee in No. 2653.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal and cross-appeal from the lower court's order of September 19, 1986 affirming its order of July 24, 1986 denying cross-appellant's petition to strike the default judgment and granting its petition to open the judgment. Appellants contend that the lower court erred in granting

the petition to open and cross-appellants contend that the court erred in denying their petition to strike. For the reasons that follow, we reverse the order granting the petition to open and denying the petition to strike and order that the judgment be stricken.

On October 28, 1985, appellants, the Calesnicks, filed an action, pro se, against cross-appellants, the Redevelopment Authority of Philadelphia (RDA). The suit sought dismissal of two prior lawsuits filed in 1970 against the Calesnicks by the RDA in the Court of Common Pleas of Philadelphia. On November 19, 1985, the Calesnicks delivered a notice of intent to take a default judgment to the RDA. On November 20, 1985, the RDA filed a petition for removal of the case to the United States District Court for the Eastern District of Pennsylvania. The RDA filed an answer and counterclaim in the federal court and a later motion for judgment on the pleadings. On April 18, 1986, the federal court denied the RDA's petition for removal and remanded the case and the record back to the court of common pleas. The Calesnicks filed a praecipe for the entry of judgment against the RDA on May 12, 1986 for failure to file a timely answer, and judgment was entered by the prothonotary. The RDA filed a petition to strike and/or open the judgment. In its petition, the RDA alleged, *inter alia*, that the complaint failed to state a cause of action and that the answer filed in federal court was incorporated into the record in the court of common pleas, thus precluding the proper entry of a default judgment.

The court below denied the petition to strike the judgment on the ground that the complaint had been properly served, and thus there was no defect on the face of the record. The court granted the petition to open, however, holding that (1) the petition had been filed timely, (2) the RDA offered a reasonable explanation for the failure to file a timely answer, and (3) a meritorious defense was presented. The Calesnicks' motion for reconsideration was denied, and this appeal followed.

■ The RDA contends that the lower court erred in denying its petition to strike the default judgment because the complaint failed to set forth a cause of action. We agree. A petition to strike a judgment may be granted only if defects appear on the face of the record. *Franklin Interiors v. Wall of Fame Management*, 510 Pa. 597, 599, 511 A.2d 761, 762 (1986); *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 506, 288 A.2d 819, 821 (1972).

In *Frankel v. Donehoo*, 306 Pa. 52, 158 A. 570 (1931), our Supreme Court stated that a default judgment does not admit the sufficiency of the pleading to sustain a judgment, nor does it admit that the facts as stated constitute a cause of action. *Id.*, 306 Pa. at 57, 158 A. at 572. Our Courts have held that if the complaint fails to state a cause of action, the default judgment entered thereon should be stricken. *See Rosser v. Cusani*, 97 Pa.Superior Ct. 255 (1929). In *Commonwealth, Dept. of Envtl. Resources v. Allias*, 20 Pa.Commonwealth Ct. 222, 341 A.2d 226, (1975), the Court stated that "[e]ven though a judgment is entered, as here, if the face of the record shows the same to be baseless, the court should strike it off." *Id.* at 226, 341 A.2d at 228 (citing *Constable v. Andrews*, 297 Pa. 285, 146 A. 899 (1929)). *See also Wilkinsburg Borough v. School District*, 298 Pa. 193, 202, 148 A. 77, 81 (1929); *Alderfer v. Pendergraft*, 302 Pa.Superior Ct. 210, 215, 448 A.2d 601, 604 (1982); *Roberts v. Gibson*, 214 Pa.Superior Ct. 220, 225, 251 A.2d 799, 802 (1969).

■ Here, the complaint on which the default judgment was entered challenged, on various grounds, two prior lawsuits filed in the Court of Common Pleas of Philadelphia in 1970. In the complaint, the Calesnicks did not allege an entitlement to damages, nor did they sue for any other type of relief that might potentially be cognizable in a separate action. *See, e.g., Martin v. Poole*, 232 Pa.Superior Ct. 263, 270, 336 A.2d 363, 367 (1975). Instead, their only requested relief was the dismissal of the two former actions. These claims could only have been raised within the confines of the lawsuits that the Calesnicks seek to have dismissed.

For this reason, we conclude that the Calesnicks have failed to set forth in their complaint a cause of action upon which relief may be granted. Accordingly, we reverse the order of the court below and order that the judgment be stricken.*

Order reversed. Judgment to be stricken.

* Because of our disposition of this case, we need not reach the other issues raised by the parties.