561 A.2d 1294

**Thomas KURTZ, Appellant,**

v.

**ALLIED CORPORATION and Travelers Insurance Company, Appellees (Two Cases).**

Commonwealth Court of Pennsylvania.

Argued March 10, 1989.

Decided July 18, 1989.

386

Robert J. Murphy, Murphy, Murphy & Murphy, P.C., Philadelphia, for appellant.

James M. Connelly, with him, Thomas C. Lowry, Swartz, Campbell & Detweiler, Philadelphia, for appellees.

Before COLINS and SMITH, JJ., and KALISH, Senior Judge.

SMITH, Judge.

Appellant, Thomas Kurtz, Jr. (Kurtz), appeals from two orders of the Court of Common Pleas of Philadelphia County which opened a judgment entered by Kurtz against Appellees, Allied Corporation and Travelers Insurance Company (Allied), and which struck a second judgment entered by Kurtz against Allied. The trial court is reversed.

The issues presented on appeal are whether the trial court erred in opening a judgment entered pursuant to

The Pennsylvania Workmen's Compensation Act (Act)[1] in accordance with the referee's decision on the grounds that Kurtz had not complied with the notice provisions of Pa.R. C.P. No. 237.1; and whether the trial court erred in striking a judgment entered pursuant to the Act in accordance with a decision of the Workmen's Compensation Appeal Board (Board) on the grounds that a remand order by the Board is not final and therefore an entry of judgment cannot yet be allowed.[2] Kurtz was forced to execute on the referee's order because Allied was in default on the compensation payments due Kurtz.

## I

The facts in this case are quite complex; a chronological recitation of events follows:

June 11, 1981: Petition for modification of workmen's compensation benefits and supersedeas filed by Allied with the Board.

June 27, 1983: Referee granted partial supersedeas of ninety-one dollars and twenty-six cents per week as of August 15, 1981.

December 8, 1986: Decision circulated by Referee Fiegenberg which modified prior order of compensation from total disability to partial disability.[3]

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. A petition to open or strike judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear manifest abuse of discretion, the trial court's decision will not be disturbed on appeal. *N.H. Weidner, Inc. v. Berman*, 310 Pa.Superior Ct. 590, 456 A.2d 1377 (1983). A petition to strike a default judgment will only be granted where a fatal defect appears on the face of the judgment. *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972).

3. AWARD AND ORDER

The Referee directs that compensation for total disability be modified to partial disability as of 11/10/82; and further that Defendant pay to claimant additional compensation for total disability of $213 per week from 8/15/81 to 11/9/82 less credit for $121.74 per week paid for said period, leaving a balance due of $91.26 per week for said period together with interest of 10% per annum on all deferred payment thereof; and further that Defendant continue to pay claimant compensation for partial disability at the rate of $121.74 until

On or about December 28, 1986: Kurtz appealed to the Board contending that the referee's decision was not supported by substantial evidence as to the medical question of claimant's disability and that the referee committed an error of law by accepting the employer's vocational witness' testimony on job availability.

July 22, 1987: Kurtz files judgment with the prothonotary of the Court of Common Pleas of Philadelphia County against Allied in accordance with the December 8, 1986 referee decision in the amount of $8,289.58.

August 5, 1987: Allied files first petition to strike and/or open the judgment entered on July 22, 1987.

December 11, 1987: The Board sustains Kurtz' appeal, reverses the referee's decision of December 8, 1986 and remands for further hearings on the issue of job availability.

January 11, 1988: The Honorable Nelson A. Diaz of the Court of Common Pleas of Philadelphia County opens the judgment which was entered against Allied on July 22, 1987.

January 27, 1988: Kurtz appeals the January 11, 1988 trial court decision to Superior Court.

March 24, 1988: Kurtz files a second judgment against Allied in accordance with the Board's decision of December 11, 1987 in the amount of $30,498.46.

March 30, 1988: Allied files a second petition to open and/or strike the judgment which was entered against it by Kurtz on March 24, 1988.

such time as his condition may change or cease as provided by the Workmens' Compensation Act as amended; and further that Defendant pay all unpaid hospital and medical expenses, causally related, incurred and to be incurred and reimburse claimant's counsel with the costs as stated in Finding # 15 a and b; therein c and d are not reimbursable and are denied; and further claimant's requests for awards of attorney fees as costs and for penalties are hereby denied.

Defendant or carrier is hereby ordered to pay directly to Robert Murphy, Esquire, claimant's counsel 20% of the disability compensation and interest herein awarded to claimant, payable solely out of claimant's said award and to be deducted therefrom.

April 26, 1988: Judge Nicholas D'Alessandro strikes judgment in accordance with Allied's petition.

May 3, 1988: Kurtz files a petition for reconsideration of Judge D'Alessandro's order of April 26, 1988 which was denied on June 27, 1988.

May 24, 1988: Kurtz appeals the April 26, 1988 trial court order to Superior Court.

July 8, 1988: Superior Court transfers both appeals of January 27, 1988 and May 24, 1988 to Commonwealth Court.[4]

## II

The first appeal concerns an order entered by the trial court which granted Allied's petition to open judgment on the grounds that Kurtz failed to comply with the notice requirements of Pa.R.C.P. No. 237.1 (Rule 237.1). Allied argues that Kurtz must comply with the notice requirements of Rule 237.1 before he can execute judgment against it. Rule 237.1, entitled "Notice of Praecipe for Entry of Default Judgment", clearly applies only to entry of a default judgment. Kurtz did not file his judgment under this rule; he filed instead pursuant to Section 428 of the Act, 77 Pa.C.S. § 921, which must be utilized by a claimant who has an outstanding award which is unpaid by an employer. Section 921 requires that the claimant file a certified copy of the award or order with the prothonotary of the Court of Common Pleas. While Allied is correct in its assertion that Rule 237.1 explicitly requires a certain type of notice which it clearly did not receive [5], Allied cannot rely upon this rule.

4. Allied also filed a petition for review of the Board's decision of December 11, 1987 with the Commonwealth Court. On September 28, 1988, Judge Lipsitt entered an order quashing Allied's petition for review. Both appeals transferred to this Court by the Superior Court remain for disposition.

5. Failure to strictly comply with the notice requirements of Rule 237.1 will bar a party from entering a default judgment against another party. *N.H. Weidner, Inc. v. Berman,* 310 Pa.Superior Ct. 590, 456 A.2d 1377 (1983).

■■■ A default judgment is one where the defendant usually does not appear and either has or takes no opportunity to argue his case. That is certainly not what occurred here. These entire proceedings were precipitated by Allied. Kurtz was receiving regular total disability payments when Allied filed a motion to modify these payments claiming that Kurtz was no longer totally disabled. Furthermore, Allied was represented by counsel at the hearing, and presented its own evidence. Clearly, the judgment entered by the referee after an adversarial hearing can in no way be characterized as a hearing by default. Consequently, Rule 237.1 does not apply.

Section 428 of the Act, however, does control, and Kurtz strictly complied with the requirements of this section by filing a certified copy of the referee's order and a praecipe for judgment with the prothonotary's office of the trial court. Allied received proper notice under Pa.R.C.P. No. 236(a)(2).[6]

■■■ Allied's second argument is that a petition to open and/or strike judgment must be granted when there is a fatal defect appearing on the face of the record. *See Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972). The alleged fatal defect is that the referee failed to specifically grant Allied a credit for an overpayment. Kurtz alleges that he was underpaid for thirty-seven and one-half weeks and Allied alleges he was overpaid during that time period. However, this is not a defect on the face of the record but rather represents a factual dispute. Once a petition to open or strike judgment has been answered and

6. Rule 236 states as follows:
 (a) The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment:
 (1) When a judgment by confession is entered, to the defendant at the address stated in the certificate of residence filed by the plaintiff together with a copy of all documents filed with the prothonotary in support of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and
 (2) In all other cases, to each party who has appeared in the action or to the party's attorney of record.

denied by respondent, as was done in this case, the petitioner must support his petition with clear and convincing evidence. *Hudgins v. Jewel T. Discount Store*, 351 Pa.Superior Ct. 329, 505 A.2d 1007 (1986). Allied failed to present any affidavits or depositions to the trial court on the factual dispute; consequently, this argument must also fail.

A judgment may be entered in a court of common pleas on a workmen's compensation award which is on appeal unless the insurer has applied for a supersedeas. *Jarvis v. Jarvis*, 40 Pa.Commonwealth Ct. 65, 397 A.2d 27 (1979). A supersedeas is available at all stages of a workmen's compensation proceeding, including an appeal to the Board from a referee's decision. *Travelers Insurance Co. v. Gunson*, 79 Pa.Commonwealth Ct. 39, 468 A.2d 529 (1983), *affirmed*, 506 Pa. 334, 485 A.2d 390 (1984). The purpose of the supersedeas fund is to provide a means to protect an insurer who makes payments to a claimant who is ultimately determined not to be entitled thereto. *Bureau of Worker's Compensation v. Workmen's Compensation Appeal Board (Allstate Insurance Co.)*, 96 Pa.Commonwealth Ct. 566, 508 A.2d 388 (1986), *appeal denied*, 514 Pa. 632, 522 A.2d 560 (1987). Allied chose not to request a supersedeas and not to appeal the referee's decision, and thus, may not now collaterally attack the referee's decision. *Department of Labor & Industry v. Workmen's Compensation Appeal Board*, 57 Pa.Commonwealth Ct. 633, 426 A.2d 1291 (1981).

Allied acknowledged that it was liable to Kurtz under the referee's decision and in fact paid him a portion of the money owed. However, Allied unilaterally credited itself for payments for which the referee had not given credit. An employer may not take a credit against future workers' compensation payments for excess payments made to the claimant but instead must follow the proper procedure of either filing for a supersedeas or appealing the referee's decision. *Santarelli v. Workmen's Compensa-*

*tion Appeal Board (Patrick Dougherty Construction)*, 113
Pa.Commonwealth Ct. 281, 537 A.2d 894 (1988).

 After the trial court sustained Allied's first motion
to open or strike, Kurtz filed a second judgment against
Allied based upon the Board's December 11, 1987 order.
On this occasion, Kurtz complied with Rule 237.1, even
though it was not required; nonetheless, Allied argued that
Kurtz failed to comply with Pa.R.C.P. No. 236(a)(1). How-
ever, Allied again relies on the wrong section of the rule
since the judgment being entered was not a judgment by
confession. The applicable section simply requires notice to
each party who appears in the action or to the party's
attorney of record. The record reflects that Allied received
such notice.

 Finally, Allied argues that Judge D'Alessandro cor-
rectly concluded that a remand order constitutes a continua-
tion of the original proceedings, and consequently the
Board's order was not final so it must be stricken. While it
is true that a remand order is not a final order and there-
fore not appealable, it is also true that the effect of an
order by the Board vacating the referee's decision and
remanding the case to the referee for further findings is to
reinstate the notice of compensation payable prior to the
referee's decision. *FMC Corp. v. Workmen's Compensa-
tion Appeal Board (Wadatz)*, 116 Pa.Commonwealth Ct.
527, 542 A.2d 616 (1988); *Bureau of Worker's Compensa-
tion.* Thus, Allied was obligated to resume payments at
the pre-hearing rate.

 Kurtz contends that Allied was required to pay him
compensation at the total disability rate since it did not
apply for a new supersedeas. However, the Act does not
require Allied to request a second supersedeas since the
Board's remand order was a mere continuation of the
original proceeding. *Id.* Therefore, upon remand, Allied
was obligated to resume payments at the prior total disabili-
ty rate taking into account the amount granted in the June
27, 1983 partial supersedeas order. Since an error of law

was committed, this Court must reverse the orders of the trial court and reinstate the judgments entered by Kurtz against Allied. Accordingly, the trial court's decisions are reversed.

## ORDER

AND NOW this 18th day of July, 1989, the' January 11, 1988 and April 26, 1988 orders of the Court of Common Pleas of Philadelphia County are reversed, and the judgments entered by Appellant against Appellees are hereby reinstated.