615 A.2d 890

**Sixto M. NAVARRO**

v.

**Sandy GEORGE, Registered Nurse and Doctor Cohen, Individually And In Their Official Capacities et al.**

**Appeal of Sandy GEORGE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1992.

Decided Aug. 26, 1992.

Petition for Allowance of Appeal
Granted April 19, 1993.

James J. Dodd-o, Deputy Atty. Gen., for appellant.
Edward P. Shaughnessy, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Sandy George (George) appeals from an order of the Court of Common Pleas of Luzerne County which denied her petition to open and/or strike default judgment. We reverse.

On July 22, 1988, Sixto Navarro (Navarro), an inmate at the State Correctional Institute—Dallas (prison), filed a civil action in trespass against George, a nurse, and Doctor Cohen, both of whom worked at the prison. Service of the complaint was made upon George by the Sheriff of Luzerne County on August 17, 1988.[1] George neither entered an appearance nor filed an answer to the complaint.

On September 27, 1988, pursuant to Pa.R.C.P. No. 237.1,[2] Navarro personally served George with a notice of intention to praecipe for entry of default judgment against her. On December 15, 1988, George not having responded to the Rule 237.1 notice, Navarro filed a praecipe for entry of default judgment, which was entered the same day.

On April 1, 1991,[3] a jury trial on the issue of damages was held resulting in a verdict in favor of Navarro against George in the amount of $450,000.00. On April 10, 1991, George filed a petition to open and/or strike judgment. The trial court issued a corresponding rule to show cause why such petition should not be granted. After argument thereon, the trial court on October 18, 1991, denied George's petition both to open and to strike the default judgment.

1. Service was never made on Doctor Cohen.
2. Pa.R.C.P. No. 237.1 provides in pertinent part as follows:
    (a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

3. George was not represented at nor did she attend the jury trial on damages.

On appeal, George does not challenge the trial court's decision which denied the petition to open the judgment but merely contests the trial court's order insofar as it denied the petition to strike only. Accordingly, we will limit our review to only determining whether the trial court properly denied the petition to strike the default judgment.

The complaint alleges that Navarro was diabetic for which he had been taking a medication named Diabenese prior to and after his commitment to prison (complaint paragraphs 5–6); on April 11, 1988, he went to the prison medication window to receive his daily medication of Diabenese but instead was given a pill by George named Diabeta; Navarro refused to take the pill (complaint paragraph 12); on April 12, 1988 Navarro again went to the medication window and was tendered Diabeta and upon questioning the change was told by George that Doctor Cohen prescribed the change in his medication (complaint paragraphs 13 and 16); he suffered a heart condition "as a result of the DIFFERENT medication (Diabeta) prescribed by Doctor Cohen and given by Sandy George (RN)" (complaint paragraph 22); his medication should never have been changed by any doctor at the prison (complaint paragraph 27).

A petition to strike a default judgment will only be granted where a fatal defect appears on the face of the record. *Feigley v. Suomela,* 129 Pa.Commonwealth Ct. 81, 564 A.2d 1032 (1989); *Kurtz v. Allied Corporation,* 127 Pa.Commonwealth Ct. 384, 561 A.2d 1294 (1989). George contends that two fatal defects appear on the face of the record, 1) Navarro failed to join George's employer, the Commonwealth of Pennsylvania, Department of Corrections, as a necessary and indispensable party, and 2) the complaint failed to set forth a cause of action upon which relief could be granted. We will address George's contentions separately in the order in which they are raised.

In *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 481, 431 A.2d 953, 956 (1981), the Supreme Court enumerated the following factors which a court should consider in determining whether a party is indispensable:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating due process rights of absent parties?

The trial court determined that George had failed to plead or prove how any right or interest of the Commonwealth of Pennsylvania, Department of Corrections, had been affected by the default judgment against George. We agree.

■ While Navarro could have arguably sued George's employer under a theory of respondeat superior, there is no requirement to do so. The default judgment was entered against George only. As the trial court noted, George had the opportunity to join her employer as an additional defendant under Pa.R.C.P. No. 2252 but failed to do so. Accordingly, the absence of her employer as a party defendant is not a fatal defect on the face of the record.

■ George's second argument is that a fatal defect appears on the face of the record in that the complaint failed to set forth a cause of action upon which relief could be granted against her. We agree. Where a judgment by default was entered for failure of a party to file an answer, and where, on the face of the record, there appears to be no ground for a lawful judgment, we will reverse. *Roberts v. Gibson*, 214 Pa.Superior Ct. 220, 251 A.2d 799 (1969); *see also Calesnick v. Redevelopment Authority of City of Philadelphia*, 365 Pa.Superior Ct. 320, 529 A.2d 528 (1987), *appeal denied*, 517 Pa. 629, 539 A.2d 810 (1988) (default judgment should have been stricken on motion of a party against whom the judgment was taken, where the complaint on which the judgment was taken failed to set forth a cause of action upon which relief could be granted).

■ Navarro's complaint unequivocally asserts that Doctor Cohen changed, by prescription, his medication from Diabenese to Diabeta, and when he went to the "medicine window,"

George gave him what Doctor Cohen had prescribed, i.e., Diabeta. Where, as here, a prison doctor prescribes a named medicine for one of the inmates and, thereafter, the prescribed medicine is dispensed to the inmate by a prison nurse, the prison nurse is not liable to the inmate, if upon the taking of the prescribed medicine the inmate suffers an injury.[4]

It is true, as argued by Navarro, that a nurse owes a duty of care to conduct himself/herself as a reasonably prudent nurse would act under the circumstances. *Baur v. Mesta Machine Company*, 405 Pa. 617, 176 A.2d 684 (1961). George in dispensing to Navarro a medication prescribed by Doctor Cohen, as is alleged by Navarro, did not breach any duty of care George owed to Navarro. Accordingly, since the complaint fails to set forth a cause of action against George, a fatal defect is apparent on the face of the record, thus warranting the striking of the default judgment.

## ORDER

AND NOW, this 26th day of August, 1992, the order of the Court of Common Pleas of Luzerne County, dated October 16, 1991, is reversed and this matter is remanded to the trial court with directions to enter an order vacating the verdict of the jury, striking the default judgment entered against Sandy George on December 15, 1988, and dismissing the complaint against Sandy George.

Jurisdiction relinquished.

---

4. This matter is similar to and consistent with cases which hold that a pharmacist will not be held liable as a supplier in the chain of distribution of a drug prescribed by a physician. *See Coyle v. Richardson–Merrell, Inc.*, 526 Pa. 208, 584 A.2d 1383 (1991); *Makripodis v. Merrell–Dow Pharmaceuticals, Inc.*, 361 Pa.Superior Ct. 589, 523 A.2d 374 (1987).