**TEMPLE UNIVERSITY and INA/CIGNA, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PARSON and Supersedeas Fund), Respondents.**

Commonwealth Court of Pennsylvania.

Argued March 6, 2000.
Decided May 5, 2000.
Reconsideration Denied June 28, 2000.

290 ■

Steven M. Levin, Philadelphia, for petitioners.

Shelley M. Jones, Harrisburg, for respondent; Supersed as Fund.

Before SMITH, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

Temple University (Employer) and INA/CIGNA (Insurer) petition for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) to dismiss Petitioners' application for Supersedeas Fund reimbursement for payment of medical expenses made on behalf of Claimant Denise Parson. Petitioners request that the Court determine whether Insurer's claim for reimbursement from the Supersedeas Fund for medical bill expenditures is barred by either the doctrine of res judicata or the doctrine of collateral estoppel because Insurer filed a prior claim for reimbursement of compensation. Petitioners also request that the Court determine whether the Bureau of Workers' Compensation (Bureau) should be barred from asserting the doctrine of res judicata because it failed to plead that doctrine in its answer.

Parson was injured in the course of her employment with Employer on March 10, 1985, and she was awarded benefits. Insurer filed petitions to terminate compensation benefits and to review medical treatment on August 1, 1991, each of which was accompanied by a petition for supersedeas. On October 29, 1991, WCJ Donald Poorman denied Insurer's petitions for supersedeas. However, on July 27, 1993 WCJ Poorman circulated a decision granting Insurer's petition to terminate benefits, and on the same day WCJ Poorman circulated a separate decision granting Insurer's petition to review medical treatment.

On April 17, 1995, Insurer applied for Supersedeas Fund reimbursement. Insurer requested $21,194.17 in reimbursement for compensation paid to Parson from August 1, 1991 through August 2, 1993, and reimbursement in that amount was awarded on November 21, 1995. Insurer filed a second application for reimbursement on April 29, 1996, requesting $93,327.20 reimbursement for overpayment of medical bills from August 1, 1991 through Decem-

ber 30, 1993. The Bureau filed an answer to the second application averring that it was barred by the doctrine of collateral estoppel. WCJ Maurice Kelsey circulated his August 5, 1997 decision dismissing the application because it was barred by collateral estoppel and res judicata, and the Board affirmed.[1]

■ The doctrine of res judicata prevents the relitigation of claims and issues in subsequent proceedings. *PMA Insurance Group v. Workmen's Compensation Appeal Board (Kelley)*, 665 A.2d 538 (Pa. Cmwlth.1995). The term "res judicata" has been used to encompass two related, but distinct, principles: technical res judicata, which is sometimes called claim preclusion, and collateral estoppel, which is sometimes called issue preclusion. *Id.* Claim preclusion prevents a future suit between the same parties on the same cause of action after a final judgment is entered on the merits of the action. *Id.* It applies not only to matters that were actually litigated but also to those matters that should have been litigated in the prior proceeding. *Grube v. Workmen's Compensation Appeal Board (Consolidated Specialties)*, 667 A.2d 1224 (Pa.Cmwlth. 1995).

■ Four conditions, or "identities," must be established before claim preclusion will bar a cause of action. Those conditions include: "(1) identity of the subject matter; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality or capacity of the parties suing or being sued." *Flannigan v. Workers' Compensation Appeal Board (Colt Industries)*, 726 A.2d 424, 426 (Pa. Cmwlth.1999) (quoting *Hahnemann University Hospital v. Workers' Compensation Appeal Board (Wallace)*, 718 A.2d 391, 394 (Pa.Cmwlth.1998)).

Insurer argues that no identity of subject matter exists between its two applications for reimbursement because the first application was for reimbursement of wage-loss benefits based on the petition to terminate whereas the second application was for reimbursement of medical expenses based on the petition to review medical expenses. The Bureau responds that Insurer applied for reimbursement of compensation in its first application, and in the context of reimbursement from the Supersedeas Fund the term "compensation" includes both wage-loss benefits and medical expenses. *See, e.g., Insurance Company of North America v. Workmen's Compensation Appeal Board (Kline and Packard Press)*, 137 Pa.Cmwlth. 393, 586 A.2d 500 (1991) (holding that compensation includes medical benefits in the context of Supersedeas Fund reimbursement), *aff'd without opinion*, 533 Pa. 112, 619 A.2d 1356 (1993).

■ WCJ Kelsey found in his August 1997 decision that Insurer filed the prior application for reimbursement for overpayment of "indemnity benefits." Furthermore, WCJ Kelsey's November 1995 order awarded Insurer reimbursement for "payments of compensation made between August 1, 1991 through August 2, 1993 *at the rate of $202.40 per week, for 104 ⁵⁄₇ weeks*, totaling $21,194.17." (Emphasis added.) Thus Insurer's initial application clearly concerned its overpayment of Parson's weekly indemnity benefits for her wage loss, and there is no indication that Insurer's overpayment of medical benefits was considered in relation to the earlier proceeding. In contrast, Insurer's second application requests reimbursement for medical benefits, and it does not seek reimbursement for wage-loss benefits. The mere fact that both wage-loss benefits and medical benefits are considered compensation for purposes of Supersedeas Fund

---

1. This Court's review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence on the record as a whole, whether an error of law was committed or whether constitutional rights were violated. *Schriver v. Workers' Compensation Appeal Board (Department of Transportation)*, 699 A.2d 1341 (Pa.Cmwlth.1997).

reimbursement does not make the two types of benefits identical subject matter for purposes of determining the applicability of res judicata to the proceedings.

■ A claimant's entitlement to wage-loss benefits depends upon whether the claimant suffered disability from his or her work-related injury. On the other hand, a claimant's entitlement to medical benefits depends upon whether the claimant received medical treatment that was reasonable and necessary to treat a work-related injury. A claimant may be entitled to medical benefits without being entitled to wage-loss benefits. *See, e.g., Ruth Family Medical Center v. Workers' Compensation Appeal Board (Steinhouse)*, 718 A.2d 397 (Pa.Cmwlth.1998). Thus a claimant's right to the two types of compensation depends upon distinct underlying events. Correspondingly, an insurer's entitlement to reimbursement for the two types of compensation depends upon entirely separate underlying events. Accordingly, because Insurer's two petitions for Supersedeas Fund reimbursement did not concern identical subject matter, the Board erred in concluding that Insurer's second petition for reimbursement was barred by claim preclusion or technical res judicata.[2] In light of this conclusion, the Court need not address whether the Bureau waived its defense based on technical res judicata.

■ In the alternative, the Board affirmed the WCJ's conclusion that Insurer's second petition for reimbursement was barred by issue preclusion or collateral estoppel. Issue preclusion bars relitigation of an issue of law or fact in a subsequent action when all of the following factors are demonstrated: "(1) the legal or

factual issues are identical; (2) they were actually litigated; (3) they were essential to the judgment; (4) and they were material to the adjudication." *PMA Insurance Group*, 665 A.2d at 541. Insurer contends that the legal and factual issues involved in its two applications for reimbursement were not identical, and the Court agrees. As previously discussed, Insurer's entitlement to reimbursement for overpayment of wage-loss benefits depended on distinct underlying events and legal conclusions from those that Insurer must establish to prove that it is entitled to reimbursement for overpayment of medical benefits.

Throughout these proceedings Insurer's challenge to Parson's medical expense compensation and Insurer's challenge to Parson's wage-loss compensation have been brought in separate petitions, and WCJ Poorman disposed of the petitions with separate decisions. The Bureau argues that WCJ Poorman's decisions were identical except for separate cover sheets; nevertheless, the parties agree that separate decisions were issued, and the matters consistently have received separate treatment. The Court therefore concludes that the Board committed an error of law when it dismissed Insurer's second application for Supersedeas Fund reimbursement. Accordingly, the Board's order is reversed, and this case is remanded for the Board to enter an appropriate order for reimbursement to Insurer of its overpayment of medical expenses on behalf of Claimant Denise Parson.[3]

### ORDER

AND NOW, this 5th day of May, 2000, the order of the Workers' Compensation Appeal Board is hereby reversed, and this

---

2. The Bureau's reliance upon *Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 57 Pa.Cmwlth. 633, 426 A.2d 1291 (1981), on this point is misplaced. In that case both of the insurer's requests for reimbursement concerned overpayment of wage-loss benefits.

3. The Bureau correctly argues that Insurer is only entitled to reimbursement from the Supersedeas Fund for medical bills paid prior to the circulation date of the WCJ's decisions granting Insurer's petitions. *See Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 57 Pa.Cmwlth. 633, 426 A.2d 1291 (1981).

case is remanded to the Board for a determination of the appropriate reimbursement to INA/CIGNA for the overpayment of medical bills.

Jurisdiction is relinquished.