IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Hoopskirts Lofts Condominium : 
Association : 
 : 
 v. : No. 1430 C.D. 2018
 : 
Vamsidhar Vurimindi and Ann S. : Submitted: March 8, 2024
Boris : 
 : 
Appeal of: Vamsidhar Vurimindi :

**OPINION NOT REPORTED**

MEMORANDUM OPINION
PER CURIAM                                                  FILED: March 28, 2024

Vamsidhar Vurimindi (Vurimindi) appeals, *pro se*, from the October 16, 2018 order of the Court of Common Pleas of Philadelphia County (trial court), which denied Vurimindi's Second Motion to Strike Default Judgment entered in a foreclosure action. Upon review, we affirm.

## I.      Facts and Procedural Background

On February 15, 2008, Vurimindi and his now ex-wife, Ann S. Boris (Boris), purchased Condominium Unit 607, located in the Hoopskirt Factory Lofts at 309-313 Arch Street in Philadelphia. On December 16, 2013, while Vurimindi was incarcerated[1] at the Philadelphia Detention Center, the Hoopskirt Lofts Condominium Association (Association) filed a complaint in foreclosure to recover unpaid condominium fees against Vurimindi and Boris, as co-owners, of the unit. The Association filed an affidavit of service stating that on January 7, 2014, the

---

[1] On February 4, 2012, Vurimindi was arrested and charged with two counts of stalking two of his condominium neighbors and one count of disorderly conduct and sentenced to a two-to-five-year period of incarceration, followed by five years of probation.

foreclosure complaint was served upon Vurimindi by handing a copy of the complaint to an individual named Lieutenant J. Smith at the Philadelphia Detention Center where Vurimindi was incarcerated. Vurimindi failed to file a responsive pleading to the complaint. As a result, on January 31, 2014, the Association served Vurimindi by certified mail to the Philadelphia Detention Center a notice of its intent to file a praecipe to enter default judgment. On February 11, 2014, the trial court's prothonotary entered default judgment against Vurimindi upon the Association's filing of the praecipe.

On February 23, 2015, the trial court conducted a bench trial on the claims against Boris. Vurimindi was transported to the courthouse to testify as a fact witness. Following the bench trial, the trial court entered judgment in favor of the Association, awarded damages against both Boris and Vurimindi totaling $29,506.18, and permitted the Association to sell the unit under Section 3315(a) of the Uniform Condominium Act.[2]

On June 4, 2015, Vurimindi filed a motion to strike the default judgment,[3] arguing, *inter alia*, that the trial court lacked personal jurisdiction to enter the default judgment because he was not served with the complaint.

---

[2] 68 Pa. C.S. § 3315(a).

[3] A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. *Penn National Mutual Casualty Insurance Company v. Phillips*, 276 A.3d 268, 273-74 (Pa. Super. 2022). A petition to strike a default judgment will only be granted where a fatal defect appears on the face of the record. *Navarro v. George*, 615 A.2d 890, 891 (Pa. Cmwlth. 1992). *See e.g.*, *Grady v. Nelson*, 286 A.3d 259, 264 (Pa. Super. 2022) (holding that a fatal defect existed on the face of the record at the time of entry of judgment as evidenced by the sheriff's return of service indicating that address did not exist). A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. *Erie Insurance Co. v. Bullard*, 839 A.2d 383, 388 (Pa. Super. 2003). When a prothonotary enters judgment without authority, that judgment is void *ab initio*. *Id.* "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when **(Footnote continued on next page…)**

2

On June 30, 2015, the trial court denied the motion to strike. The trial court rejected Vurimindi's claim that he was not properly served with the complaint, noting that Vurimindi testified that he "had not been able to respond to the [Association's] filings [the complaint and notice of default] because he had not been afforded sufficient access to the prison law library," and also that there was nothing facially invalid with service of the complaint upon Lieutenant J. Smith at the Philadelphia Detention Center. *The Hoopskirt Lofts Condominium Association v. Vurimindi* (C.P. Phila., 1973 December Term 2013, filed February 1, 2017), at 5, 8. The trial court explained:

> Per the Pennsylvania Rules of Civil Procedure, a litigant can properly serve original process by transmitting a hard copy of [his] Complaint, via personal service, to an adult person in charge of the residence where a defendant resides. Pa.R.Civ.P. 402(a)(2). Here, Vurimindi admitted that, at the time of service, he was incarcerated at the Philadelphia Detention Center, and thus, from a commonsense standpoint, was unable to have the Complaint handed to him directly by the process server. Rather, service had to go through an intermediary, presumably a prison employee. [The Association's] Affidavit of Service states that service was made at 8201 State Road, Philadelphia, PA, the Philadelphia Detention Center's address, upon an individual name Lieutenant J. Smith, who this Court reasonably assumed to be a correctional officer. This Court could not look beyond those facts reflected on the record and, as such, determined that [the Association's] service of its Complaint was not facially improper.

---

the judgment was entered." *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917 (Pa. 1997). Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken. *Keller v. Mey*, 67 A.3d 1, 4 (Pa. Super. 2013).

3

*The Hoopskirt Lofts Condominium Association v. Vurimindi* (C.P. Phila., 1973 December Term 2013, filed February 1, 2017), at 9. Vurimindi, proceeding *pro se*, appealed from that order.[4] One of the findings that Vurimindi challenged was the trial court's conclusion that he had received the foreclosure complaint. By order and memorandum opinion filed on October 10, 2017, this Court affirmed the trial court's order by adopting the trial court's opinion in its entirety. *Hoopskirts Lofts Condominium Association v. Vurimindi* (Pa. Cmwlth., Nos. 15-18 C.D. 2016, Nos. 157-160 C.D. 2016, filed October 10, 2017) (unreported). With regard to service of the complaint, we specifically concluded that Vurimindi "did not contest service" of the complaint, stating instead that "he did not respond to the Association's lawsuit because he did not have sufficient access to the prison library." *Id.* at 3, n.5. We quoted the exchange between the trial court and Vurimindi during which the trial court noted that there was proof that Vurimindi had received the complaint and the default judgment and Vurimindi's response stating that the reason he did not respond was because he did not have library access. *Id.*

On October 20, 2017, Vurimindi filed a petition for reargument, arguing among other things, that this Court erred by adopting the trial court's conclusion that he was served with the foreclosure complaint because: (1) he swore under oath that he did not receive it; and (2) under Philadelphia Prison System Policy 3.F.8 (Inmate Legal Mail)[5] correctional officers are not authorized to accept original

---

[4] Vurimindi's appeal from the trial court's June 30, 2015 order denying his motion to strike the default judgment was consolidated with his appeals from the trial court's orders denying his petition to open the default judgment, motion to stay writ of execution, motions to postpone the sheriff's sale, and motion to appeal *nunc pro tunc*. *Hoopskirts Lofts Condominium Association v. Vurimindi* (Pa. Cmwlth., Nos. 15-18 C.D. 2016, and Nos. 157-160 C.D. 2016, filed October 10, 2017).

[5] The Policy states, with regard to incoming legal mail:

**(Footnote continued on next page…)**

4

process on an inmate's behalf. On December 4, 2017, this Court denied the petition for reargument. Vurimindi petitioned for allowance of appeal to the Supreme Court. On July 2, 2018, the Supreme Court denied Vurimindi's petition for allowance of appeal.

On August 8, 2018, Vurimindi filed a second motion to strike the default judgment in the trial court based on "newly discovered" evidence of "fraud and mistake." (Original Record (O.R.) at 1059.) Therein, Vurimindi set forth essentially the same allegations as he had in his first motion to strike, namely that he was not served with the foreclosure complaint. In addition, Vurimindi attached a copy of Philadelphia Prison System Policy 3.F.8 and alleged that, pursuant to that policy, Lieutenant J. Smith was not authorized to accept original service on behalf of inmates at the Philadelphia Detention Center because he neither worked in the mailroom or in the housing unit where Vurimindi was housed. *Id.* at 1065. The trial

> For incoming legal mail the Mailroom Officer will maintain a Daily Log of Legal Mail for inmates. The log will contain the following information: date and time; housing location; PID number; inmate's name; address of sender; inmate[']s signature of receipt; and Officer's initials.
>
> The unit/housing Officer will maintain a record of legal mail delivered to inmates in the unit. A Daily Legal Mail Report . . . for delivered legal mail will consist of the following information: date and time; housing location; PID number; inmate's name; address of sender; inmate[']s signature of receipt; and Officer's initials.
>
> The unit/housing Officer will have the inmate sign for the legal mail upon delivery. If the inmate refuses to acknowledge receipt by signature, the Officer will put "refused" in the signature box and delivery the legal mail to the inmate.

(Original Record (O.R.) at 1076.)

court denied the second motion to strike in its order entered on October 16, 2018, based upon the law of the case doctrine.

On appeal,[6] Vurimindi argues that the trial court erred in denying his second motion to strike because Philadelphia Prison System Policy 3.F.8 plainly shows that the Association's foreclosure complaint was served upon a prison correctional officer who was not authorized to accept service of the original complaint. (Vurimindi's Br. at 4, 19.) He argues that this newly discovered evidence of defective service demonstrates the lack of his actual or constructive notice of the foreclosure action. He maintains that because he was not properly served with notice of the complaint, the trial court did not obtain the requisite personal jurisdiction needed for the entry of the default judgment. Therefore, the default judgment should be stricken.[7]

Relying on *Commonwealth v. Starr*, 664 A.2d 1326, 1332 (Pa. 1995), Vurimindi further contends that the law of the case doctrine is not applicable here because the doctrine can be disregarded in exceptional circumstances where there is intervening change in the controlling law, a substantial change in the facts or evidence giving to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed.

---

[6] Vurimindi filed his Notice of Appeal on October 24, 2018. On December 18, 2018, Vurimindi was detained by the United States Immigration and Customs Enforcement (USICE). In January 2019, we granted a stay of the briefing schedule based on Vurimindi's immigration detention. On March 10, 2023, we vacated the stay after Vurimindi informed the Court that he regained lawful permanent resident status and is no longer subject to immigration detention.

[7] We precluded the Association and Boris from filing briefs in this matter for failing to comply with our July 6, 2023 order directing them to file briefs within 14 days of that order.

## II.    **Discussion**[8]

### Law of the Case Doctrine

The law of the case doctrine exists to prevent a party from relitigating claims or issues that have been resolved previously within the same action, either in a prior appeal or by a judge of coordinate jurisdiction. *Zane v. Friends Hospital*, 836 A.2d 25, 29 (Pa. 2003). The doctrine prohibits an appellate court from revisiting an issue that has been decided in an earlier appeal or another phase of the same case between the same parties. *Application of Pennsylvania Turnpike Commission*, 715 A.2d 1219, 1223, n.10 (Pa. Cmwlth. 1998); *Tandon v. State Board of Medicine*, 705 A.2d 1338 (Pa. Cmwlth. 1997). In *Tandon*, we cited *Tyro Industries, Inc. v. James A. Wood, Inc.*, 614 A.2d 279, 284 (Pa. Super. 1992), in which the Superior Court described the law of the case doctrine as follows:

> Law of the case means that whatever is once irrevocably established as the controlling legal rule of the decision between the same parties in the same case continues to be the law of the case. *Banker v. Valley Forge Ins. Co.*, [] 585 A.2d 504, 508 ([Pa. Super.] 1991)[]. The doctrine of 'law of the case' applies only if the parties on the two appeals are the same. Issues decided by an appellate court on a prior appeal between the same parties become the law of the case and will not be considered on appeal. *Id.*

Here, this Court has already affirmed the trial court's factual conclusion that Vurimindi received the foreclosure complaint because it was supported by substantial evidence, namely Vurimindi's own concession at trial that he received the complaint and notice of default judgment but did not respond to those filings because he did not have access to the prison library. That is, the factual issue of

---

[8] This Court's review of a grant of a petition to strike a default judgment is limited to determining whether the trial court committed an error of law. *City of Philadelphia v. David J. Lane Advertising, Inc.*, 33 A.3d 674, 677 n.6. (Pa. Cmwlth. 2011).

whether Vurimindi received service of the foreclosure complaint was finally resolved by this Court. We also, when we denied Vurimindi's application for reargument, previously rejected Vurimindi's bald argument that Philadelphia Prison System Policy 3.F.8 plainly forbade Lieutenant Smith from accepting service of original foreclosure complaint on his behalf. The law of the case doctrine applies here to preclude this Court from readdressing our prior affirmation. Therefore, we conclude that the trial court did not err when it denied Vurimindi's Second Motion to Strike the Default Judgment.

### III.   Conclusion

For the foregoing reasons, we conclude the trial court did not err as a matter of law or manifestly abuse its discretion in denying Vurimindi's Second Motion to Strike Default Judgment. The trial court's October 16, 2018 order is affirmed.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Hoopskirts Lofts Condominium : 
Association :
 :
v. : No. 1430 C.D. 2018
 :
Vamsidhar Vurimindi and Ann S. :
Boris :
 :
Appeal of: Vamsidhar Vurimindi :

## *PER CURIAM*

## *ORDER*

AND NOW, this 28th day of March, 2024, the October 16, 2018 order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.