quez v. Hillery, 474 U.S. 254, 263–64, 106 S.Ct. 617, 623, 88 L.Ed.2d 598 (1986)(finding that racial discrimination in selection of grand jury falls within the limited class of cases involving structural error); *McGurk v. Stenberg,* 163 F.3d 470, 474 (8th Cir.1998)(concluding that a structural error required reversal, although the claim proceeded through a claim of ineffective assistance of counsel and was made in the post-conviction setting); *Tankleff v. Senkowski,* 135 F.3d 235, 248 (2d Cir.1998)(noting that a *Batson* violation is a structural defect). Here, Petitioner alleged in his amended, counseled petition that the asserted *Batson* violation resulted in a denial of due process of law, a jury of his peers, and equal protection of the law, and that counsel was ineffective for failing to properly preserve the issue. I believe that the form of prejudice alleged would be sufficient to warrant relief under both federal post-conviction jurisprudence and the PCRA. *Cf. Commonwealth v. Lantzy,* —— Pa. ——, ——, 736 A.2d 564, 570 (1999).

Although I note that Appellant bears a substantial burden in connection with proving a *Batson* violation, particularly in light of the United States Supreme Court's recent decision in *Purkett v. Elem,* 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995), as well as his trial and appellate counsel's ineffectiveness, in my view the allegations in the PCRA petition were sufficient to warrant submission of the claim to a factfinder. Thus, I would remand to the PCRA court with directions to conduct an evidentiary hearing and issue appropriate factual findings with associated legal conclusions.

**Raymond J. SMOLSKY, Appellant,**

v.

**Martin F. HORN, Secretary of Corrections of the Commonwealth of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

Oct. 5, 1999.

### *ORDER*

PER CURIAM:

**AND NOW,** this 5th day of October, 1999, the order of the Commonwealth Court is hereby **AFFIRMED.**

**Dom GIORDANO, Appellant,**

v.

**Tom RIDGE, Governor, Commonwealth of Pennsylvania and Commonwealth of Pennsylvania and Mike Fisher, Attorney General, Commonwealth of Pennsylvania and City of Philadelphia and City of Pittsburgh, Appellees.**

Supreme Court of Pennsylvania.

Oct. 5, 1999.

is substantially similar to the language employed in the PCRA in describing a petitioner's burden to establish prejudice. *See* 42 Pa.C.S. § 9543(a)(2)(i), (ii) (providing that, in order to obtain relief, a petitioner must demonstrate that an enumerated type of error "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place").

## ORDER

PER CURIAM:

AND NOW, this 5th day of October, 1999, the order of the Commonwealth Court is hereby affirmed.

■

COMMONWEALTH of Pennsylvania,
Respondent,

v.

Danny ANDREWS, Petitioner.

Supreme Court of Pennsylvania.

Oct. 22, 1999.

John W. Packel, Philadelphia, for petitioner.

## ORDER

PER CURIAM.

AND NOW, this 22nd day of October, 1999, the Petition for Allowance of Appeal is GRANTED, limited to the following issues:

a. Whether Petitioner's sentence is illegal insofar as it includes two sentences for possessing an instrument of crime.

b. Whether Petitioner's sentence is illegal insofar as it includes two sentences for conspiracy.

■

In re Thomas W. SMITH,
Esquire, Relating To:

John L. MARTINO

v.

Michael J. PANICHELLI and Litvin,
Blumberg, Matusow & Young.

Petition of Michael J. Panichelli and
Litvin, Blumberg, Matusow &
Young.

Supreme Court of Pennsylvania.

Oct. 25, 1999.

## ORDER

PER CURIAM:

AND NOW, this 25th day of October, 1999, the Application Seeking Leave to File Original Process is granted. The Petition for Writ of Prohibition is denied.