Rollin V. DAVIS, III, Executor of the Estate of Maxine DAVIS, Deceased and Rollin V. Davis, III, Individually, and Victoria Sowers, Individually and Jointly, Appellants,

v.

GOVERNMENT EMPLOYEES INSUR-ANCE COMPANY, a Corporation, Geico General Insurance Company, a Corporation, Individually and/or Jointly, Appellees.

Superior Court of Pennsylvania.

Argued March 13, 2001.

Filed May 4, 2001.

Reargument Denied July 17, 2001.

Michael Hahalyak, Murraysville, for appellant.

George P. Kachulis, Pittsburgh, for appellee.

Before ORIE MELVIN, TODD, and KELLY, JJ.

KELLY, J.:

¶ 1 In this appeal we must determine whether *Lambert v. McClure,* 407 Pa.Super. 257, 595 A.2d 629 (Pa.Super.1991), decided four months after the parties executed a valid release agreement, should be applied retroactively to invalidate that agreement. We hold that the rule in *Lambert* does not affect the instant release, because under applicable Pennsylvania law, cases given "retroactive effect" apply only to future cases and pending cases in which the issue has been properly preserved. We further hold that Appellants failed to show the existence of any mutual mistake of law or fact, misrepresentation, or fraud that would invalidate the release. Therefore, we affirm.

¶ 2 The relevant facts and procedural history of this appeal are as follows. On December 12, 1989, Appellants' parents, Rollin and Maxine Davis, were killed in a car accident. Rollin Davis held an insurance policy with Appellee, Government Employees Insurance Company (GEICO). The policy provided Mr. Davis with $300,000.00 in coverage, but "excluded coverage for bodily injury to any family member of insured [Rollin Davis] residing in the insured's household in excess of the minimum financial responsibility limit required by Pennsylvania Law." (Appellants' Brief at 5). The minimum amount required by Pennsylvania law was $15,000.00. Thus, Appellants accepted that amount in full settlement of their claim with Appellee based on the family member limitation provision in their father's insurance contract. On April 4, 1991, Appellants sent Appellee an executed release to that effect.

¶ 3 Approximately four months later, the Pennsylvania Superior Court declared a similar insurance policy provision invalid as against public policy. *Lambert, supra.* On November 22, 1991, Appellants filed a writ of summons against Appellee. Nearly eight months later, Appellants filed their complaint, essentially challenging the legality of their release in light of the *Lambert* decision.

¶ 4 After various motions for summary judgment were denied, the court granted Appellee's motion to bifurcate the case for trial. The issue of Appellee's liability was to be tried by Judge Maurice Louik and any issues regarding damages were to be tried by a jury if necessary. When Judge Louik retired due to illness, Judge Paul Lutty assumed the case. Judge Lutty reviewed the issue *de novo* and found that Appellee was not liable to Appellants as a matter of law and fact for any sum in excess of the release amount. This timely appeal was filed in due course.

¶ 5 Appellants present the following issues for our review on appeal:

DID THE FAILURE OF [APPELLEE] TO MEET THE CONDITION PRECEDENT SET FORTH IN [APPELLANTS'] ACCEPTANCE NULLIFY THE RELEASE?

SINCE ALL PARTIES ADMIT THAT IN THE LETTER OF ACCEPTANCE THE MAXIMUM COVERAGE UNDER THE POLICY WAS REPRESENTED BY [APPELLEE] TO BE $15,000 WHEREAS IN FACT AND LAW IT WAS $300,000, WAS THERE A MISREPRESENTATION AND A MUTUAL MISTAKE OF LAW AND FACT?

DID THE COURT BELOW ERR:

(A) IN FAILING TO MENTION OR DISCUSS THE PRESUMPTIONS FAVORING AN INSURED WHERE AN INSURANCE POLICY IS AMBIGUOUS[,]

(B) IN FAILING TO MENTION THE CONDITION PRECEDENT ISSUE,

(C) IN FAILING TO DISCUSS THE ISSUE OF MISREPRESENTATION AND MUTUAL MISTAKE,

(D) IN FAILING TO FOLLOW THE HOLDING (*STARE DECISIS*) OF THE *LAMBERT* CASE DECLARING THE AMENDMENT AGAINST PUBLIC POLICY, IN FAILING TO FIND THE AMENDMENT AMBIGUOUS AND UNCONSCIONABLE AS HELD IN THE *WORLDWIDE* CASE [1] DECIDED BY THE THIRD CIRCUIT, IN IMPOSING UPON THE INSURED THE DUTY TO LOCATE THE STATUTE TO DETERMINE THE AMOUNT OF COVERAGE UNDER THE AMENDMENT, AND TO INTERPRET THE STATUTE AND AMENDMENT AND THEIR VALIDITY[?]

(Appellants' Brief at 3).

¶ 6 Our standard of review in a non-jury trial is well established:

We must determine whether the findings of the trial court are supported by competent evidence and whether the trial judge committed error in the application of law. Additionally, findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed absent error of law or abuse of discretion.

*Hester v. Pennsylvania Financial Responsibility Assigned Claims ACP,* 743

---

1. *Worldwide Underwriters Ins. Co. v. Brady,* 973 F.2d 192 (3d Cir.1992).

A.2d 926 (Pa.Super.1999), *appeal denied*, 564 Pa. 734, 766 A.2d 1249 (2000) (quoting *Stonehedge Square Ltd. Partnership v. Movie Merchants, Inc.*, 454 Pa.Super. 468, 685 A.2d 1019 (1996), *affirmed*, 552 Pa. 412, 715 A.2d 1082 (1998)).

¶ 7 Appellants initially assert that Appellee's policy contained the amendment at issue in *Lambert, supra* that was later ruled invalid as against public policy. When Appellee tendered $15,000.00 to settle Appellants' claim on behalf of the household insured, Appellants agreed to accept the $15,000.00 solely in reliance upon Appellee's representation that that amount constituted the legal coverage under the policy. Essentially, Appellants maintain that when the amendment was later declared invalid, this rendered the legal coverage under Appellee's policy as actually greater than $15,000.00. Thus, Appellants conclude that this constituted a failure of a "condition precedent" which invalidates their settlement and release. We disagree.

> Initially, we note that a condition precedent may be defined as a condition which must occur before a duty to perform under a contract arises. While the parties to a contract need not utilize any particular words to create a condition precedent, an act or event designated in a contract will not be construed as constituting one unless that clearly appears to have been the parties' intention. In addition, we note that the purpose of any condition set forth in a contract must be determined in accordance with the general rules of contractual interpretation.

*Acme Markets, Inc. v. Federal Armored Exp., Inc.*, 437 Pa.Super. 41, 648 A.2d 1218, 1220 (1994) (internal citations omitted).

¶ 8 In the instant case, the law at the time the parties executed the settlement agreement at issue permitted the contract provision limiting the household member's recovery to $15,000.00. Thus, even if the release was conditioned on Appellee's assurance that $15,000.00 constituted the maximum legal coverage under the policy, then that "condition" was met because the provision was valid under the law at the time the release was signed and $15,000.00 was the maximum available legal coverage. Further, even if the release was conditioned on the validity of the household limitation provision, then that "condition" was also met because the provision was valid under the law at the time the release was signed. Accordingly, Appellants' first issue lacks merit.

¶ 9 Each of Appellants' remaining issues regarding *Lambert, supra* turns on a determination of whether that decision, invalidating the family member limitation under certain circumstances, should be applied retroactively to Appellants' release. If *Lambert* is not applied to their release, all of Appellants' issues fail. Specifically, Appellants argue that Pennsylvania law favors retroactive application of case law. Thus, Appellants maintain that *Lambert* should be applied retroactively to invalidate their release with Appellee. We cannot agree.

¶ 10 Courts have recognized four approaches to determining what "retroactive effect" a decision should be given. *Blackwell v. Com., State Ethics Com'n*, 527 Pa. 172, 589 A.2d 1094 (1991). Each approach varies in scope and touches an increasingly wider set of cases. *Id.*

> One approach is to give the new rule purely prospective effect so that it is not even applied to the parties in the case in which the new rule is announced. Another approach is to limit retroactive application to the case in which it is

announced. A third choice is to apply the new rule to the case in which it is announced and to all cases pending at the time the new rule is announced. A fourth approach is to give the new rule fully retroactive effect. Under this fourth choice, the new rule is applied to the case in which it is announced, to all cases pending at the time the new rule is announced, and to cases which are final at the time the new rule is announced.

*Id.* at 181–82, 589 A.2d at 1098–99. Pennsylvania follows the third approach. *Id.* *See also Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983). Therefore, when a case is given "retroactive" application in this Commonwealth, it only affects future cases and cases that are pending at the time the new rule is announced. *Blackwell, supra.* Moreover, of those pending cases, only cases that have preserved the issue decided in the new case will benefit from the new rule. *Id.* Accordingly, a decision in one case will not affect preceding cases fully disposed of at the time the new rule is announced. *Id.* Judicial discretion in this area is guided by consideration of the following three factors:

> (1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect on the administration of justice by the retroactive application of the new rule.

*Id.* at 183, 589 A.2d at 1099.

 ¶ 11 Additionally, "it is axiomatic that releases are construed in accordance with traditional principles of contract law. . . . " *Clark v. Philadelphia College of Osteopathic Medicine,* 693 A.2d 202, 207 (Pa.Super.1997), *appeal granted,* 550 Pa. 697, 705 A.2d 1303 (1997), *appeal dismissed as improvidently granted,* 557 Pa. 487, 734 A.2d 859 (1999). Thus, "a release not procured by fraud, duress, or mutual mistake is binding between the parties."

*Strickland v. University of Scranton,* 700 A.2d 979, 986 (Pa.Super.1997). Therefore,

> [p]arties with possible claims may settle their differences with each other upon such terms as are suitable to them. . . . However improvident their agreement may be or **subsequently** prove for either party, their agreement, absent fraud, accident or mutual mistake, is the law of their case.

*Clark, supra* at 207 (citing *Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 328–29, 561 A.2d 733, 735 (1989)).

 ¶ 12 In the instant case, the release giving rise to Appellants' cause of action was signed four months prior to the *Lambert* decision. While Appellants complaint was filed after *Lambert,* Appellants cannot alter the law of their case by collaterally attacking a binding agreement with subsequent case law. *See generally Clark, supra.* Therefore, the rule in *Lambert* does not affect Appellants' release, because Appellants' release predates *Lambert. See Blackwell, supra; Cabeza, supra.*

> ¶ 13 Moreover, as the trial court found:
>
> At the time of the execution of the release, the insurance provision upon which payment was made was valid, accordingly, this Court does not find that there was any mistake of fact, mistake of law or misrepresentation of coverage as to the amounts of possible coverage based upon a Superior Court decision which had yet to be handed down.
>
> Further, the [Appellants] have failed to prove mutuality of mistake, misrepresentation and fraud.
>
> Accordingly, in that this Court finds that [Appellants] executed a valid release based upon the state of insurance law at the time of execution, this Court's finding for the [Appellee] and against [Appellant] should be affirmed.

(Trial Court Opinion, dated June 20, 2000, at 1–2). We agree that no mutual mistake of law or fact existed. The law in effect when the release was signed permitted the "family member limitation" in the insurance contract. *See Clark, supra; Strickland, supra.* To invalidate the instant release on the basis of subsequent case law would improperly disturb the parties' binding agreement and disrupt the concept of finality in contract law. *See id.*

¶ 14 Based upon the foregoing, we hold that the rule in *Lambert* does not affect the instant release. We further hold that Appellants have not shown the existence of a mutual mistake of law or fact, misrepresentation, or fraud that would serve to invalidate the release. Accordingly, we affirm the judgment of the trial court.

¶ 15 Judgment affirmed.