**Bullock v. City of Philadelphia**

*Ralph D. Friedman,* for plaintiff.
*Stephen E. Atkins* and *Alan C. Ostrow,* for defendant.

QUIÑONES ALEJANDRO, *J.,* March 20, 2002—

## INTRODUCTION

Janice Bullock (plaintiff), an African American female, was employed as a social worker by the Department of Public Health, Office of Mental Health and Mental Retardation, an agency of the City of Philadelphia (defendant) pursuant to the provisions of the Philadelphia Civil Service Commission and the collective bargaining agreement between the defendant and AFSCME, District Council 47. Sometime in April 1994, she was promoted to the position of Health Services Social Worker II. On May 23, 1996, plaintiff, then over the age of 40, was dismissed from her position after a history of being disciplined and suspended for poor performance, an inability to follow policy and/or accept supervision, avoiding work, and for failure to complete her duties and/or provide patient services. Plaintiff filed an appeal of her dismissal[1] with the commission, and on March 20, 1997, the commission denied her appeal.

On April 21, 1997, plaintiff appealed the commission's decision to the Philadelphia Court of Common Pleas.

---

1. Pursuant to Civil Service Regulation 17.061.

On January 28, 1998, plaintiff's appeal was denied and the commission's decision was affirmed.

On February 24, 1998, plaintiff filed an appeal with the Commonwealth Court averring that the trial court erred when denying her an opportunity to present new evidence and when improperly considering two unfair and discriminatory performance evaluations. On September 18, 1998, the appellate court denied the appeal, affirmed the trial court, and found that the record before the commission was complete and that the performance evaluations reviewed by the trial court were part of the record certified by the commission. The appellate court reasoned that any objections that plaintiff may have had to the performance evaluations should have been brought initially before the commission and were not; thus, the argument was deemed waived.

Dissatisfied, plaintiff filed an appeal to the Supreme Court, and on May 27, 1999, plaintiff's petition for allowance of an appeal to the Supreme Court was denied.[2]

On May 7, 2001, plaintiff filed the instant action against defendant and averred that she was unlawfully discharged from her city employment on May 23, 1996, because of defendant's clandestine policy of discrimination on the basis of disability, age and race.

On July 25, 2001, the matter was removed to the United States District Court for the Eastern District of Pennsylvania.[3] Subsequently, defendant filed a motion to dismiss plaintiff's complaint pursuant to the provisions of

2. *Bullock v. Philadelphia Civil Service Commission,* 719 A.2d 855, unreported memorandum opinion (Pa. Commw. 1998), *alloc. denied.*
3. No. 01-CV-3714.

Fed.R.C.P. 12(b)(6) and argued that plaintiff's claims were barred by: the doctrine of res judicata, the *Rooker-Feldman* doctrine, the failure to exhaust administrative remedies as required by law, the failure to state a claim for which relief may be granted, the statute of limitations, and/or laches. In response to this motion, plaintiff argued that her unlawful dismissal was actually done in "retaliation" for her disability for which a notice of compensation payable had been issued[4] on March 31, 1993, and which, allegedly, has never been terminated in accordance with the provisions of the Pennsylvania Workers' Compensation Act.[5] Prior to the motion to dismiss being decided, the parties agreed to remand the case to state court as no federal claim was being asserted, thus depriving the federal court of subject matter jurisdiction. By order dated September 7, 2001, this case was formally remanded to the Philadelphia Court of Common Pleas.

On November 26, 2001, defendant filed preliminary objections to plaintiff's complaint in the nature of a demurrer and argued, inter alia, that plaintiff's wrongful discharge assertions and claims of discrimination are barred: (1) because the City of Philadelphia hired plaintiff pursuant to the commission's regulations and the collective bargaining agreement between the City of Philadelphia and AFSCME, District Council 47 and, consequently, plaintiff was never an *at-will* employee; (2) by the doctrine of claim preclusion; (3) as pre-empted,

---

4. Via the Commonwealth of Pennsylvania, Department of Labor and Industry.

5. Plaintiff's memorandum of law contra defendant's motion to dismiss. No. 01-CV-3714.

because plaintiff's claims of sex and/or age discrimination must be presented under the Pennsylvania Human Relations Act; and (4) because plaintiff does not allege a prima facie case of retaliatory discharge. On December 24, 2001, plaintiff filed a response in opposition to defendant's preliminary objections. These pleadings were assigned to this motion judge on December 28, 2001, and by order dated January 7, 2002, defendant's preliminary objections were sustained and plaintiff's complaint was dismissed.

Dissatisfied, on January 30, 2002, plaintiff filed an appeal with the Commonwealth Court.

## ISSUE

In response to an order issued in accordance with Pa.R.A.P. 1925(b), plaintiff, on March 11, 2002, filed of record a statement of matters complained of on appeal and argued that this motion judge erred in sustaining defendant's preliminary objections in that:

"(1) plaintiff's allegation that she was dismissed from her employment by defendant in retaliation for her being eligible for workmen's compensation benefits was a matter not adjudicated by the Civil Service Commission; and

"(2) if the court determined dismissal of the action was warranted because of prior litigation before the Civil Service Commission, such a conclusion is in error because the law creating the action for retaliatory dismissal was not decided until 1998, which was two years *after* the Civil Service Commission hearing."

## LAW AND DISCUSSION

Preliminary objections in the nature of a demurrer test the legal sufficiency of the plaintiff's complaint. *Sexton v. PNC Bank,* 2002 WL 216145 (Pa. Super.); see also, *Tucker v. Philadelphia Daily News,* 757 A.2d 938, 942 (Pa. Super. 2000), *rearg. denied,* September 6, 2000, *app. granted,* November 29, 2001. "In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Dorfman v. Pennsylvania Social Services Union Local 668 of Service Employees International Union,* 752 A.2d 933, 936 (Pa. Commw. 2000). The court must accept as true all well-pleaded material allegations, as well as all inferences reasonably deducible therefrom. *Giordano v. Ridge,* 737 A.2d 350, 352 (Pa. Commw. 1999), *aff'd,* 559 Pa. 283, 739 A.2d 1052 (1999), *aff'd,* 562 Pa. 154, 753 A.2d 1277 (2000), *recon. denied,* August 10, 2000, *cert. denied,* 531 U.S. 928 (U.S. Pa. 2000). The court needs not, however, accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *Id.* The scope of the appellate court's review of an order sustaining preliminary objections in the nature of a demurrer is to determine whether the trial court abused its discretion or committed an error of law. *Baravordeh v. Borough Council of Prospect Park,* 706 A.2d 362 (Pa. Commw. 1998), *rearg. denied, app. denied,* 555 Pa. 733, 725 A.2d 183 (1998), *app. denied,* 556 Pa. 679, 727 A.2d 133 (1998).

As stated, defendant proffers various arguments as to why plaintiff's complaint should be dismissed. In her appeal, however, plaintiff limits her challenges to retal-

iatory discrimination and the case law setting forth said cause of action.[6] Notwithstanding, this motion judge will also address some of the concerns raised by defendant's preliminary objections.

First, defendant argues that the *doctrine of claim preclusion* warrants dismissal of plaintiff's complaint. Specifically, where a final judgment on the merits has been rendered by a court of competent jurisdiction, the doctrine of res judicata bars any future suit on the same cause of action between the same parties. *Chada v. Chada,* 756 A.2d 39, 42 (Pa. Super. 2000), citing 10 Standard Pennsylvania Practice 2d §65:32. "The term 'res judicata' has been used to encompass two related, but distinct, principles: *technical res judicata,* which is sometimes called *claim preclusion,* and *collateral estoppel,* which is sometimes called *issue preclusion." Temple University v. W.C.A.B. (Parson),* 753 A.2d 289, 291 (Pa. Commw. 2000), *recon. denied,* (emphasis added), *app. denied,* 564 Pa. 721, 764 A.2d 1075 (2000).

As stated, claim preclusion prevents a future lawsuit between the same parties on the same cause of action after a final judgment is entered on the merits of the action. *Id.* Claim preclusion requires that both the former and latter suits possess the following common elements: (1) identity in the thing sued upon, (2) identity in the cause of action, (3) identity of the parties, and (4) identity of the quality or capacity of the parties suing or being sued. *Chada, supra; Temple, supra.*

Here, plaintiff argues that she was discharged from her city position for reason(s) other than just cause. This

---

6. See plaintiff's statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b), *supra.*

is exactly the same claim she made in the initial proceedings heard in 1997 before the commission. At that time, the commission found that plaintiff had been discharged for just cause. This ruling was later affirmed by the Commonwealth Court.

However, plaintiff contends that at the commission level in 1997, she did not argue her wrongful discharge based on the grounds of retaliation. While that may be true, the doctrine of claim preclusion applies not only to matters that were actually litigated but also to those matters that *should have* been litigated in the prior proceeding. *Temple, supra.* Plaintiff rebuts that she could not have litigated the issue of retaliatory discharge because the law creating such a cause of action was not established until two years after the underlying proceeding was litigated. Specifically, plaintiff relies on the matter of *Shick v. Shirey,*[7] which held that a cause of action exists for an at-will employee who alleges retaliatory discharge for filing a workers' compensation claim for which relief could be granted under the law. Plaintiff infers that the holding of *Shick* should be applied retroactively in this matter. This motion judge disagrees, and believes that plaintiff's reliance on *Shick* is misplaced.

"The United States Constitution and the Pennsylvania Constitution neither mandate nor preclude a retroactive application of a new decision." *Cleveland v. Johns-Manville Corp.,* 547 Pa. 402, 412, 690 A.2d 1146, 1151 (1997). "[W]hen a case is given 'retroactive' application in this Commonwealth, it only affects *future* cases and cases that are *pending* at the time the new rule is announced." *Davis ex rel. Davis v. Government Employees*

---

7. 552 Pa. 590, 716 A.2d 1231 (1998).

*Insurance Co.,* 775 A.2d 871, 875 (Pa. Super. 2001), *rearg. denied.* (emphasis added) "Moreover, of those pending cases, only cases that have preserved the issue decided in the new case will benefit from the new rule. *Id.* Accordingly, a decision in one case will not affect preceding cases fully disposed of at the time the new rule is announced." *Id.* "[A] sweeping rule of retroactive application is not justified." *Cleveland, supra* at 413, 690 A.2d at 1151. "Retroactive application is a matter of judicial discretion and must be exercised on a case by case basis." *Id.; Ridge v. State Employees' Retirement Bd.,* 690 A.2d 1312, 1314 (Pa. Commw. 1997).

Judicial discretion in this area is guided by consideration of three factors: (1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect on the administration of justice by the retroactive application of the new rule. *Davis, supra.*

Plaintiff contends that the city wrongfully discharged her in retaliation for filing for workers' compensation benefits, and that she did not present this argument to the commission since the case law which created a cause of action for retaliatory dismissal had not yet been decided. Without repeating the entire procedural history, it is undisputed that: (a) plaintiff's appeal before the commission was denied on March 20, 1997; (b) the commission's ruling was affirmed by the trial court on January 28, 1998; (c) the Supreme Court decided *Shick, supra,* on August 20, 1998; (d) on September 18, 1998, the Commonwealth Court denied plaintiff's appeal and affirmed the trial court's decision; and (e) on May 27, 1999, the Supreme Court denied plaintiff's petition for allowance of an appeal. At no time in the appeals process did

plaintiff argue or petition the higher courts to address, once *Shick* was decided, the issue of retaliatory dismissal.

In addition, plaintiff is not an *at-will* employee pursuant to her membership in the collective bargaining agreement and employment under the civil service system. Thus, the holding of *Shick* does not apply to plaintiff. Further, as an employee covered by a collective bargaining agreement and the civil service system, plaintiff can only be discharged for cause. Therefore, plaintiff cannot sue for wrongful discharge under Pennsylvania common law. *Phillips v. Babcock & Wilcox,* 349 Pa. Super. 351, 503 A.2d 36 (1986), *app. denied,* 514 Pa. 618, 521 A.2d 933 (1987).

Lastly, this motion judge opines that the instant action is by no means a *pending* action, in that the underlying action was fully adjudicated by September 18, 1998. On the other hand, the instant matter is not a *new* or *future* case, as anticipated by the general rule of retroactive application, because its basis is the underlying alleged wrongful termination of May 23, 1996, and raises the argument of termination without just cause. Consequently, this motion judge opines that plaintiff's complaint has no merit.

## CONCLUSION

Based on the foregoing statutes and case law, this motion judge is of the opinion that no error was committed in sustaining defendant's preliminary objections and dismissing plaintiff's complaint. This motion judge respectfully requests that plaintiff's appeal be dismissed and that the order dated January 7, 2002, be affirmed.