J-A08031-24

2024 PA Super 148

| OLANREWAJU ODEDEYI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WELLS FARGO BANK, JP MORGAN | : | No. 1277 EDA 2023 |
| CHASE BANK, NA, HOMEBRIDGE | : | |
| FINANCIAL SERVICES, INC., | : | |
| TIMOTHY GRAHAM T/A GRAHAM | : | |
| BUILDERS AND CONSTRUCTION | : | |

Appeal from the Order Entered May 10, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 201102751

BEFORE: BOWES, J., OLSON, J., and McLAUGHLIN, J.

OPINION BY McLAUGHLIN, J.: **FILED JULY 16, 2024**

Olanrewaju Odedeyi appeals *pro se* from the order finding in favor of Wells Fargo Bank ("Wells Fargo") following a non-jury trial. Odedeyi maintains the trial court erred in not finding Wells Fargo liable for conversion and in failing to award him prejudgment interest. We reverse and remand for the calculation of prejudgment interest.

In March 2019, Odedeyi obtained a home renovation loan from Home Bridge Financial Services, Inc. ("HBFS") to renovate his investment property in Philadelphia. Odedeyi chose Timmy Graham, trading as Graham Builders and Construction ("Graham"), as the contractor to do the renovation work on the property. Pursuant to the terms of the loan, HBFS would disburse funds in a series of two-party checks made payable to Odedeyi and Graham. No funds

would be disbursed up front and the contractor had to begin the project with his or her own funds. Graham requested that Odedeyi give him a deposit of $35,062. Odedeyi agreed to Graham's request on the condition that he be paid back from the loan funds.

HBFS disbursed the first check in the amount of $15,072 payable to both Odedeyi and Graham. The check was mailed to the investment property. Both Odedeyi and Graham endorsed the check, and it was deposited into Odedeyi's bank account.

HBFS mailed the second and third disbursement checks, made out to Odedeyi and Graham, to the investment property. The checks totaled $22,297.50. Graham collected the checks at the investment property. Odedeyi made repeated attempts to meet with Graham so that both individuals could sign the two-party checks. Odedeyi was unsuccessful in contacting Graham. Odedeyi then went to Wells Fargo and was informed that both checks had been deposited into Graham's account. Upon review of the checks, Odedeyi discovered that Graham had signed his own name, but also had forged Odedeyi's signature on both checks.

Graham was ultimately arrested and convicted. As part of his sentence, Graham was ordered to pay Odedeyi $22,297.50 in restitution. Graham completed his restitution payments to the criminal court on November 10, 2021. **See** Criminal Docket No. CP-51-CR-0009390-2019, at 7.

- 2 -

Odedeyi brought the instant claim for conversion under the Uniform Commercial Code ("UCC") against Wells Fargo and claims for conversion and unjust enrichment against Graham.

A non-jury trial was held in November 2022. Graham did not appear at the trial. Odedeyi explained that since he already received full restitution from Graham, he was only seeking prejudgment interest in the amount of $3,394.33 against Wells Fargo on the forged checks on his conversion claim. *See* N.T., 11/7/22, at 11, 26-27. The court found in favor of Wells Fargo on Odedeyi's claim for conversion and in favor of Odedeyi on his claims against Graham.[1] Odedeyi filed a post-trial motion, which was denied. This appeal followed.[2]

Odedeyi raises the following issues:

1. Did The Trial Court Make An Error Of Law In Its Finding That A Payee Of A Two-Party Check Payable Not Alternatively Who Acted Without The Consent Of The Other Payee And Further Engaged In Criminal Conduct Of Forgery To Obtain Payment From A Bank Is A Person Entitled To Enforce The Checks Pursuant To Division 3 Of Pennsylvania Statutes Title 13?

2. Did The Trial Court Commit An Error By Failing To Award Interest Against Wells Fargo?

Odedeyi's Br. at 4.

---

[1] Odedeyi's claims against Graham are not subjects of this appeal.

[2] On March 28, 2024, Odedeyi filed a motion styled as an "Application for Leave to File a Post-Submission Communication" in response to a question this Court asked him at argument. Wells Fargo has not filed a response to the motion. We grant the motion.

Our standard of review in a non-jury trial is well established:

> We must determine whether the findings of the trial court are supported by competent evidence and whether the trial judge committed error in the application of law. Additionally, findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed absent error of law or abuse of discretion.

*Davis ex rel. Davis v. Gov't Employees Ins. Co.*, 775 A.2d 871, 873 (Pa.Super. 2001) (citations omitted). Our scope of review for questions of law is plenary. *Century Indem. Co. v. OneBeacon Ins. Co.*, 173 A.3d 784, 802 (Pa.Super. 2017).

Odedeyi first argues that Wells Fargo is liable for conversion because it permitted Graham to deposit two checks into his account without the proper endorsement of both payees.

Odedeyi brought his conversion claim against Wells Fargo pursuant to 13 Pa.C.S.A. § 3420, which provides:

> The law applicable to conversion of personal property applies to instruments. **An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.** An action for conversion of an instrument may not be brought by the issuer or acceptor of the instrument or a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a copayee.

13 Pa.C.S.A. § 3420(a) (emphasis added).

Comment 1 to that section explains:

This covers cases in which a depositary or payor bank takes an instrument bearing a forged indorsement. It also covers cases in which an instrument is payable to two persons and the two persons are not alternative payees, e.g., a check payable to John and Jane Doe. Under Section 3-110(d) the check can be negotiated or enforced only by both persons acting jointly. Thus, neither payee acting without the consent of the other, is a person entitled to enforce the instrument. If John indorses the check and Jane does not, the indorsement is not effective to allow negotiation of the check. **If Depositary Bank takes the check for deposit to John's account, Depositary Bank is liable to Jane for conversion of the check if she did not consent to the transaction.** John, acting alone, is not the person entitled to enforce the check because John is not the holder of the check.

13 Pa.C.S.A. § 3420, Uniform Commercial Code Comment, cmt. 1 (emphasis added). Indeed, "where a check is paid or cashed on an unauthorized or forged endorsement, the bank is liable for conversion." *Manfredi v. Dauphin Deposit Bank*, 697 A.2d 1025, 1028 (Pa.Super. 1997).

If a check is made out to two payees jointly, it is only properly negotiable by both. In the words of the Uniform Commercial Code, "[i]f an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged or enforced only by all of them." 13 Pa.C.S.A. § 3110(d). Comment 4 to that section explains:

If an instrument is payable to X and Y, neither X nor Y acting alone is the person to whom the instrument is payable. Neither person, acting alone, can be the holder of the instrument. The instrument is "payable to an identified person." The "identified person" is X and Y acting jointly.

13 Pa.C.S.A. § 3110, Uniform Commercial Code Comment, cmt. 4.

Here, the trial court found that Wells Fargo did not commit conversion because the checks contained a forged endorsement rather than a blank endorsement. *See* Trial Court Opinion, filed 9/8/23, at 8. It noted that "Wells Fargo accepted two two-party checks that contained the endorsements of both parties, albeit one was fraudulent." *Id.* (emphasis removed). The court reasoned that since Wells Fargo accepted the checks from Graham, who was a person entitled to enforce the checks, it did not commit a conversion under Section 3420. *Id.* We disagree.

The checks at issue were plainly made payable to Odedeyi and Graham, as non-alternative payees. Thus, the checks could not be negotiated unless both Odedeyi and Graham agreed. While Graham's endorsement was his own signature, Graham, acting alone, signed Odedeyi's name without Odedeyi's consent or authorization. The fact that Odedeyi's endorsement was forged as opposed to left blank is immaterial. A forged signature is a form of an "unauthorized signature," and "an unauthorized signature is ineffective[.]" *See* 13 Pa.C.S.A. §§ 1201(b)(41), 3403(a). Wells Fargo accepted the checks without Odedeyi's necessary endorsement and made payment to a person not entitled to enforce the instrument or receive payment. Thus, Wells Fargo is liable for conversion under Section 3420.

Odedeyi next argues that he is entitled to prejudgment interest on the converted checks. He acknowledges that since Graham paid him full restitution, he is not entitled to the amount payable on the subject checks from Wells Fargo. However, he argues that he is entitled to prejudgment

interest from the time the checks were converted until when he received full payment from Graham.

The measure of damages for the conversion of a negotiable instrument is "presumed to be the amount payable on the instrument[.]" 13 Pa.C.S.A. § 3420(b). Prejudgment interest is "additional damages for loss of use of the money due as damages, during the lapse of time since the accrual of the claim." **Option One Mortg. Corp. v. Fitzgerald**, 687 F.Supp. 2d 520, 529 (M.D. Pa. 2009) (citation omitted) (applying Pennsylvania law). "Prejudgment interest was originally a matter of right only in cases where there was an obligation to pay a fixed amount of money, but this right was later extended to actions involving damages ascertainable with mathematical precision." **Id.** (internal quotation marks and citation omitted). The legal rate of interest in Pennsylvania is set at six percent per annum. **See** 41 P.S. § 202. "In cases of conversion, the amount of damages is the market value of the converted property at the time of the conversion with interest to date of recovery." **Option One**, 687 F.Supp. 2d at 529 (internal quotation marks and citation omitted).

Here, Odedeyi was entitled to prejudgment interest because the amount of damages can be determined with mathematical precision due to the presumption in Section 3420(b). Prejudgment interest is thus due from the time the checks were converted until when Odedeyi received full payment from Graham. We accordingly remand the matter to the trial court, as to the

damages calculation only, to calculate an award of prejudgment interest at the statutory legal rate of six percent per annum.

Reversed and remanded for the calculation of interest in accordance with this memorandum. Application for leave to file a post-submission communication granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2024